IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
DEC 11 2012
J. T. NOBLIN, CLERK
BY_____ DEPUTY

| | |
|---|---|
| RONNIE CAMERON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 3:12CV836HTW-LRA |
| | ) |
| GENERAL NUTRITION | ) |
| CORPORATION; GNC NUTRITION | ) |
| AND JOHN AND JANE DOES 1-7 | ) |
| | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

**COMES NOW** General Nutrition Corporation and GNC Nutrition[1] (collectively "GNC" or "Defendants"), pursuant to the provisions of 28 U.S.C. §§ 1331, 1332, 1441 and 1446, and appearing specially so as to preserve any and all defenses available under Rule 12 of the Mississippi and Federal Rules of Civil Procedure and hereby gives notice of the removal of this action from the Circuit Court of the First Judicial District of Hinds County, Mississippi, to the United States District Court, Southern District of Mississippi, Jackson Division. In support thereof, Defendants state as follows:

---

[1] General Nutrition Corporation is also incorrectly referred to as "GNC Nutrition" in the State Court Complaint. General Nutrition Corporation is the entity that employed Plaintiff and which is subject to jurisdiction in Mississippi. If Plaintiff is referring to some other GNC entity, then jurisdiction in Mississippi might not be appropriate. By appearing in this cause to defend against Plaintiff's claims, General Nutrition Corporation is not waiving any right of any of its affiliated entitles to contest jurisdiction if Plaintiff is purporting to state causes of action against them. To the extent there remains some question as to whether GNC Nutrition can be separately amenable to suit, both General Nutrition Corporation and GNC Nutrition consent to and join in the filing of this Notice of Removal as evidenced by the signature of the undersigned.

1575909 v1

## PROCEDURAL BACKGROUND

1. Plaintiff Ronnie Cameron ("Plaintiff") commenced this action by filing a complaint against Defendants in the Circuit Court of the First Judicial District of Hinds County, Mississippi, Civil Action Number 251-12-893CIV on November 8, 2012. The Circuit Court of the First Judicial District of Hinds County is a state court within this judicial district.

2. In the Complaint, Plaintiff asserts various claims against Defendants based upon Defendants' alleged improper termination of Plaintiff's employment, harassment, discrimination, retaliation, violation of Title VII, violation of 42 U.S.C. § 1981, negligent training, intentional infliction of emotional distress, breach of employment contract and related allegations. *See generally* Plaintiff's State Court Complaint. Plaintiff seeks judgment against Defendants for an unspecified sum of compensatory damages and punitive damages, plus costs and attorneys' fees. *See* State Court Complaint, pp. 17-19.

3. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part:

> (a) **Generally.** Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) **Removal based on diversity of citizenship. (1)** In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, citizenship of defendants sued under fictitious names shall be disregarded.
>
> [. . .]
>
> (c) **Joinder of Federal law claims and State law claims. (1)** If a civil action includes--
>
>   (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

4. On information and belief, neither Defendant has been putatively served with process in this action greater than 30-days from the date this action is being removed. Therefore, this removal is timely filed within 30-days of receipt of the pleading from which Defendants could ascertain that the case is properly removable in accordance with the provisions of 28 U.S.C. § 1446(b). Such removal is therefore timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999).

5. Accordingly, this matter is properly removable under 28 U.S.C. § 1441(a) and (b) as the United States District Court has original jurisdiction over this case under 28 U.S.C. § 1331 and 1332(a).

## FEDERAL QUESTION JURISDICTION EXISTS OVER THIS ACTION

6. This case is properly removable pursuant to 28 U.S.C. § 1331 which provides that this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff asserts claims against Defendants for alleged violations of Title VII, 42 U.S.C. § 2000(e), *et seq.* ("Title VII") and 42 U.S.C. § 1981. *See* State Court Complaint, pp. 7-11.

7. This Court has recognized that each of these statutes -- Title VII and 42 U.S.C. § 1981 -- "arise under" the laws of the United States and provide independent bases for federal question jurisdiction. *Wilson ex rel. Truck Capital LLC v. Normand*, 2009 WL 3756920, *2 (S.D.Miss. 2009)(denying motion to remand where plaintiff "state[d] a claim for violation of Title VII on the face of his well-pleaded Complaint"); *Young v. Walgreen Co.*, 2010 WL

3

1929923, 2 (S.D.Miss. 2010)(denying motion remand where Plaintiff alleged denial of her rights under 42 U.S. C. § 1981). Based on the foregoing, there can be no doubt that this Court is properly vested with original jurisdiction over Plaintiff's federal claims against Defendants.

8. This Court also has supplemental jurisdiction over Plaintiff's state law claims. Under 28 U.S.C. §1367(a), a district court which has original jurisdiction over an action, as this Court does, may also exercise supplemental jurisdiction over another claim or claims which are part of the same "case or controversy." This code section provides:

> (a) Except as provided in subsections (b) and (c) or as expressly provided by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other such claims that are so related to claims in the action with such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. §1367(a).

9. Pursuant to 28 U.S.C. §1367(a), the Court has discretion to exercise supplemental jurisdiction over plaintiff's state law negligence, intentional infliction of emotional distress and breach of employment contract claims. A district court may only decline supplemental jurisdiction over pendent state law claims where the claim raises a novel or complex issue of state law, if the claim substantially predominates over the claims of which the district court has original jurisdiction, where the court has dismissed all claims over which it has federal jurisdiction, or, if in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *See* 28 U.S.C. §1367(c).

10. Here, Plaintiff's state law claims for negligence, intentional infliction of emotional distress and breach of contract are "so related" to his federal claims as to "form part of the same case or controversy under Article III of the United States Constitution."

4

11. None of the factors in 28 U.S.C. §1367(c) in favor of declining supplemental jurisdiction are present in the instant case.

12. Therefore, this Court has federal question jurisdiction over all of Plaintiff's claims.

## DIVERSITY JURISDICTION EXISTS OVER THIS ACTION

13. While federal question jurisdiction over Plaintiff's claims is clear, this Court also has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . (1) citizens of different states . . . ."

14. Plaintiff is a resident citizen of the State of Mississippi. *See* Plaintiff's State Court Complaint, p. 1.

15. Defendant General Nutrition Corporation, also incorrectly designated in the Complaint as the trade name "GNC Nutrition," was at the time the Lawsuit was filed, and is as of the date of this Notice of Removal, a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in the State of Pennsylvania. *See* Plaintiff's State Court Complaint, p. 1. GNC is a citizen of the State of Pennsylvania for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1).

16. Therefore, because Plaintiff is a resident of Mississippi and the named Defendant is a citizen of a state other than Mississippi, there is complete diversity among the parties.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

17. The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff expressly alleges entitlement to damages above "the

minimum jurisdictional amount." Plaintiffs' State Court Complaint, p. 18. Further, the Plaintiff also seeks to recover:

- "front pay, back pay, lost wages, lost value of employment benefits of any kind, lost value of incidental and other pecuniary losses";
- "damages for past, present, and future emotional distress and psychological and emotional losses";
- "compensatory damages in an amount to be determined by the jury";
- "punitive damages in an amount to be determined by the jury";
- "attorneys' fees related to the action".

Plaintiffs' State Court Complaint, pp. 17-19.

18. Plaintiff essentially seeks an unlimited amount of compensatory and punitive damages, plus interest, costs and fees. *Id.* When all of Plaintiff's claims are taken into consideration, he is seeking an amount well in excess of $75,000.

19. Plaintiff also seeks to recover compensatory damages for psychological and emotional distress. A review of other jury verdicts related to emotional distress shows the probability that, should Plaintiff be successful on this claim, his award would be sufficient to place the amount in controversy above the required threshold. *Stewart v. Gulf Guarantee Life Ins. Co.*, 846 So. 2d 192 (Miss. 2002) (affirming award of $500,000.00 in emotional distress related to breach of insurance contract); *Vadie v. Miss. State University*, 218 F.3d 365 (5th Cir. 2000)(reviewing jury award of $300,000.00 in mental anguish damages in Title VII case). Accordingly, these damages for emotional distress, when combined with Plaintiff's other damages claims including front pay, back pay and recovery for lost benefits, likely exceed the $75,000.00 threshold, without even considering attorneys' fees, other unspecified compensatory damages and unspecified punitive damages.

20. In addition, Plaintiff seeks an unspecified amount in attorneys' fees. Under Fifth Circuit law, attorneys' fees are included in the amount in controversy. *See H&D Tire and Auto.*

*Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000) (where "a party [is entitled] to receive attorneys' fees, the amount in controversy includes those fees"); *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 & n.7 (5th Cir. 1998). And under Mississippi law, the court may award attorneys' fees in a case in which punitive damages are appropriate. *See Sudeen v. Castleberry*, 794 So. 2d 237, 252 (Miss. Ct. App. 2001) ("the award of attorneys' fees is clearly justified in cases where punitive damages are merited"); *Aetna Cas. & Sur. Co. v. Steele*, 373 So. 2d 797, 801 (Miss. 1979). Accordingly, when added to the claim for compensatory damages, Plaintiff's claim for attorneys' fees surely places the amount in controversy in this action above diversity jurisdiction's minimum.

21.  Finally, Plaintiff's claim for unlimited punitive damages helps to satisfy the amount in controversy. It is axiomatic "that claims for punitive damages are included in the calculation of the amount in controversy." *Brasell v. Unumprovident Corp.*, 2001 WL 1530342 *2, (Miss., October 25, 2001) (*citing St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). In *Brasell*, Judge Davidson held that:

> In ascertaining whether the plaintiffs' claim for punitive damages actually exceeds $75,000, so as to meet the federal jurisdictional minimum, the Court notes that punitive damages awards . . . in Mississippi routinely exceed that amount. (*citation omitted*). Further, federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction. (*citation omitted*).

*Brasell*, 2001 WL 1530342 *2.

22.  An unspecified amount of punitive damages can also be shown to exceed $75,000.00 by a review of jury verdicts in Mississippi. When analyzing Fifth Circuit and Mississippi cases, it is obvious that this Court may examine jury verdicts in other similar cases to determine whether it is more likely than not that punitive damages would exceed $75,000

7

1575909 v1

exclusive of interest and cost. *Yarbrough, et al., v. Household Retail Services,* 2000 WL 679107 (N.D. Miss. May 4, 2000); *HWJ, Inc. v. Burlington Ins. Co.,* 926 F.Supp. 593, 596 (E.D. Tex. 1996). In view of the sizeable verdicts which have been awarded by Mississippi juries in cases brought by former employees against employers, diversity jurisdiction's amount in controversy requirement is satisfied. *See Clements v. Fitzgerald's Miss., Inc.,* 128 Fed. Appx. 351 (5th Cir. 2005) (affirming District Court for Northern District of Mississippi's award of $312,000 for plaintiff claiming race discrimination in violation of Title VII); *Sloan v. BL Dev.,* JVR No. 806139, 2005 WL 4257518 (N.D. Miss. Feb. 2005) (former convention manager sued defendant casino claiming race discrimination and alleging that she was wrongfully terminated and was awarded $659,832 in total damages); *Hawkins v. Sikorsky Support Servs., Inc.,* JVR No. 810143, 2004 WL 5779199 (S.D. Miss. Oct. 2004) (black male maintenance supervisor sued aircraft maintenance company claiming race discrimination in violation of Title VII and alleging that he was subsequently wrongfully terminated and was awarded $550,000 in total damages); *Erby v. Miss. Highway Patrol,* JVR No. 803782, 2003 WL 23315963 (N.D. Miss. Feb. 2003) (black male trooper sued defendant highway patrol claiming race discrimination and retaliation in violation of Title VII and was awarded $150,000 in total damages). In sum, because Plaintiff seeks front pay, back pay and unpaid benefits, together with damages for emotional distress, attorneys' fees, costs, other unspecified consequential damages and unlimited punitive damages there can be no doubt that the amount in controversy is met. It is clear that these alleged recoveries, in the aggregate, meet and exceed the amount in controversy requirement of 28 U.S.C. § 1332.

23. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332 is satisfied and this Court may exercise jurisdiction over all of Plaintiff's claims.

## ADOPTION AND RESERVATION OF DEFENSES

24.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Miss. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## PROCEDURAL REQUIREMENTS

25.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

26.     Federal jurisdiction exists under 28 U.S.C. § 1331 because this civil action arises under "the Constitution, laws, or treaties of the United States."

27.     Federal jurisdiction also exists under 28 U.S.C. § 1332, as this civil action is between citizens of different states, and the amount in controversy exceeds $75,000.

28.     True and correct copies of "all process, pleadings, and orders" are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a).

29.     There are no other process, pleadings, or orders served upon GNC to date in this case. A certified copy of the state court file has been requested from the Circuit Court of the First Judicial District of Hinds County, Mississippi and will be provided upon receipt within the time allotted by Rule.

9

1575909 v1

30. GNC is believed to be the first defendant served in this matter and was purported to be served, at the very earliest, on November 13, 2012. Accordingly, this Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.

31. Defendants have heretofore sought no similar relief.

32. The United States District Court for the Southern District of Mississippi, Jackson Division, is the court and division embracing the place where this action is pending in state court.

33. Defendants reserve the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

34. Contemporaneously with the filing of this Notice of Removal, Defendants have filed a copy of same with the clerk of the Circuit Court of the First Judicial District of Hinds County, Mississippi and served written notice of the filing of this Notice of Removal upon Plaintiff pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE, PREMISES CONSIDERED**, General Nutrition Corporation, also incorrectly designated as "GNC Nutrition" in the Complaint, prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of the First Judicial District of Hinds County, Mississippi to the United States District Court for the Southern District of Mississippi, Jackson Division.

This the 11th day of December, 2012.

Respectfully submitted,

GENERAL NUTRITION CORPORATION

By: _____
John M. Lassiter (MSB #102235)

1575909 v1

OF COUNSEL:

BURR & FORMAN LLP
The Heritage Building
401 E Capitol Street, Suite 100
Jackson, MS 39201
(601) 355-3434
jlassite@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on the following by directing same to his office address via first class, postage prepaid and properly addressed U.S. mail, on this the __11th__ day of December, 2012:

Michael R. Brown, Esq.
The Michael Brown Law Offices, PLLC
120 North Congress Street, Suite 710
Jackson, Mississippi 39201
Telephone: 601-948-5330
Facsimile: 601-948-5415
mbrown@mikelawms.com

_____
OF COUNSEL

1575909 v1